IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STATE FARM FIRE AND
CASUALTY COMPANY,                           No. 03:12-cv-00903-HZ
an Illinois Corporation,

        Plaintiff,

                                      OPINION & ORDER

  v.

ROBERT SILVER and JOCELYN
SILVER, individuals, et al.,

        Defendants.


David P. Rossmiller
Elissa M. Boyd
DUNN CARNEY ALLEN HIGGINS & TONGUE, LLP
851 SW Sixth Avenue, Suite 1500
Portland, OR 97204

      Attorneys for Plaintiff

Robert Silver
Jocelyn Silver
20700 Parry Road
Fall City, OR 97344

      Pro se Defendants

/ / /

1 - OPINION & ORDER

HERNANDEZ, District Judge:

State Farm Fire and Casualty Company ("State Farm") brings this declaratory action against Robert and Jocelyn Silver ("the Silvers") seeking a declaration that it owes no duty to defend or indemnify the Silvers, State Farm's insureds, in underlying litigation. State Farm moves for summary judgment on these issues. Because I agree with State Farm, I grant the motion.

## BACKGROUND

On April 26, 2012, Defendants Brian and Susan Heite[1] ("the Heites") filed a lawsuit against their neighbors the Defendants Silvers in Polk County Circuit Court. In their complaint, the Heites allege the following facts: Around 2004, the Silvers moved to a twenty acre parcel of land adjacent to the Heites' property, with a shared access road. Compl. Ex. 3 ¶ 4. Beginning in 2005, the Silvers procured twenty-five alpacas and began running an alpaca breeding operation. Id. Ex. 3 ¶ 5. The Silvers' breeding operation continued to grow, reaching 265 alpacas in 2012, with plans to add an additional 100 alpacas by summer 2012. Id. Based on complaints of "noise, odor and waste generated by [the Silvers'] alpacas," which allegedly resulted in damage to the shared access road, caused a fly infestation, and interrupted daily activities because of offensive odors, the Heites sued the Silvers for nuisance, nuisance per se, and trespass. Id. Ex. 3 ¶¶ 6-8, 19-36.

The Silvers then tendered a claim to State Farm for defense and indemnification, pursuant to their homeowner's ("HO") and personal liability umbrella insurance ("PLUP") policies. Compl. ¶¶ 11-14. This action by State Farm ensued.

/ / /

---

[1] The Heites were also named as Defendants in this action, but failed to respond to State Farm's Summons and Complaint. An Order of Default was entered against them on July 30, 2012 (Dkt. #22).

STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Long v. City & Cnty. of Honolulu, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

/ / /

/ / /

3 - OPINION & ORDER

DISCUSSION

I.  Duty to Defend

　　A.  HO Policy

State Farm argues that under the "business pursuits" exclusion in the HO policy, it has no duty to defend the Silvers in the underlying litigation brought by the Heites. To determine if an insurer has a duty to defend, a court looks only to the facts in the complaint to evaluate whether "the complaint could, without amendment, impose liability for conduct covered by the policy." Ledford v. Gutoski, 877 P.2d 80, 82 (Or. 1994). If the complaint provides "any basis for which the insurer provides coverage," an insurer is obligated to defend. Id. at 83. Further, "[a]n insurer should be able to determine from the face of the complaint whether to accept or reject the tender of the defense of the action." Id. at 82. As such, a court's review is limited to the four corners of the complaint and the insurance policy.

　　State Farm argues that the underlying complaint does not create a duty to defend because it alleges the Silvers engaged in a business operation, an activity excluded by the policy language. State Farm is correct. The relevant portion of the policy provides that "[c]overage . . . do[es] not apply to . . . property damage arising out of business pursuits of any insured[.]" Compl. Ex. 1 at 18. The underlying complaint does not expressly refer to the Silvers' alpaca operation as a business, but two factors lead to the conclusion that it is one. First, the underlying complaint uses the word "operation" to describe the activity, implying that it is a business. As noted by State Farm, courts commonly use the term "operation" to describe business activities. See City of Corvallis v. Hartford Acc. & Indem. Co., No. 89–294–JU, 1991 WL 523876 (D. Or. May 30, 1991); Garvison v. St. Paul Fire & Marine Ins. Co., 771 P.2d 310, 312 (Or. App. 1989). Used in conjunction with some other activity such as farming, the term "operation" connotes a

business-like purpose. When used to describe a large breeding program, the only logical conclusion is that the operation is a business pursuit.

Second, the sheer number of alpacas allegedly owned by the Silvers at the time the Heites filed suit, coupled with the Silvers' desire to increase the size of their herd by 100 alpacas, leads to the conclusion that the Silvers engaged in a business purpose. I agree with State Farm that "[i]t is unreasonable to infer that 365 alpacas were intended to be pets." Mot. Summ. J. 6. The allegations in the underlying complaint assert without question that the Silvers are engaged in a business pursuit.

State Farm also argues that the HO policy's exception to the "business pursuits" exclusion does not apply. While the Silvers' HO policy excludes "property damage arising out of business pursuits of any insured," the exclusion does not apply to "activities which are ordinarily incident to non-business pursuits[.]" Compl. Ex. 1 at 18. Because the business operation here is an alpaca breeding operation, the act of breeding alpacas cannot be considered incident to a non-business pursuit. Moreover, care and ownership of alpacas is necessary to maintain an alpaca breeding operation. Because there are no activities incident to non-business pursuits, the exception does not apply. The underlying complaint alleges that the Silvers are engaged in a business pursuit, an activity the HO policy excludes from coverage. Accordingly, there is no duty to defend under the HO policy.

B. PLUP

State Farm contends that the Silvers' PLUP does not impose a duty to defend because it also excludes business activities. The language of the policy excludes coverage for "loss arising out of . . . business pursuits of any insured, unless . . . [the] required underlying insurance applies to the loss[.]" Compl. Ex 2 at 9. Because the underlying HO policy does not provide coverage

5 - OPINION & ORDER

here, this condition cannot be satisfied and the PLUP does not apply. There is no duty to defend under the PLUP.

II.     Duty to Indemnify

   A.  HO Policy

State Farm argues it has no duty to indemnify the Silvers because their alpaca breeding operation is a business pursuit, and is therefore excluded by the HO policy. Unlike the duty to defend, the duty to indemnify is not based only on the allegations in the complaint. Ledford, 877 P.2d at 84. Rather, the duties are independent of each other and the duty to indemnify is determined by the facts proven at trial. Id.

The Silvers have not raised an issue of material fact with respect to their alpaca breeding operation. First, the Silvers failed to respond to State Farm's Requests for Admission on the issue of whether their operation is a business. Rossmiller Decl. at ¶¶ 2-6; Ex. 1. Thus, the request is deemed admitted. See Fed. R. Civ. P 36(a)(3). Second, State Farm provides substantial evidence demonstrating that the alpaca breeding operation is a business. For example, State Farm submits evidence showing that the Silvers registered their business with the Oregon Secretary of State. Rossmiller Decl. Ex. 2. State Farm also submits evidence demonstrating the Silvers maintain and utilize a website to sell alpacas and alpaca-related products. Id., Ex. 1 at 11-20; Ex. 3. In short, there is no material issue of fact in light of the Silvers' admission and the abundant evidence showing that the alpaca breeding operation is a business within the meaning of the policy exclusion.[2]

Because the operation is a business, the exclusion in the HO policy applies. Additionally, as described above, the exception to the "business pursuits" exclusion does not apply.

---

[2] The Silvers were provided a Pro Se Party Summary Judgment Advice Order on September 24, 2012 (Dkt. #36). Nonetheless, they failed to respond to this motion.

6 - OPINION & ORDER

B.  PLUP

State Farm argues that, as with the duty to defend, the PLUP does not apply to the duty to indemnify.  I agree.  Because the PLUP does not provide coverage unless and until the underlying HO policy applies, State Farm has no duty to indemnify.

## CONCLUSION

State Farm's motion for summary judgment [#43] is granted.

IT IS SO ORDERED.

Dated this 26 day of June, 2013.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

7 - OPINION & ORDER